IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DERIOUS JOHNSON, | § | |
| | § | |
| Defendant Below, | § | No. 336, 2021 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 0212015251 and |
| | § | 0304007340 (N) |
| Appellee. | § | |
| | § | |

Submitted: February 1, 2022
Decided: April 6, 2022

## ORDER

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Derious Johnson, filed this appeal from a Superior Court order denying his motion for correction of an illegal sentence.  The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Johnson's opening brief that the appeal is without merit.  We agree and affirm.

(1)     The record reflects that, in March 2003, Johnson pleaded guilty to escape after conviction in Criminal ID No. 0212015251.  The Superior Court

sentenced Johnson to two years of Level V incarceration, suspended after ninety days for decreasing levels of supervision. In October 2003, a Superior Court jury found Johnson guilty of first-degree rape in Criminal ID No. 0304007340. The Superior Court sentenced Johnson, as a habitual offender under 11 *Del. C.* § 4214, to life imprisonment. This Court affirmed the rape conviction on direct appeal.[1]

(2) On July 26, 2019, after the General Assembly had amended 11 *Del. C.* § 4214 to permit the Superior Court to modify certain habitual offender sentences, the Superior Court granted Johnson's motion to modify his life sentence for first-degree rape. The Superior Court modified that sentence to ninety-nine years of Level V incarceration, suspended immediately for four years of Level IV DOC discretion, suspended after six months for two years of Level III supervision. On January 13, 2020, Johnson filed a motion for sentence modification. The Superior Court denied the motion.

(3) In September 2020, an administrative warrant was filed and returned for Johnson's violation of probation ("VOP"). On October 15, 2020, the Superior Court found that Johnson had violated his probation. The court sentenced Johnson as follows: (i) for escape after conviction, one year and nine months of Level V incarceration, suspended for eighteen months of Level III probation; and (ii) for first-degree rape, ninety-nine years of Level V incarceration, suspended after successful

---

[1] *Johnson v. State*, 2004 WL 5579821 (Del. June 1, 2004).

2

completion of a Level V treatment program in DOC's discretion for six months of Level IV DOC Discretion, followed by eighteen months of Level III probation.

(4)     Johnson did not appeal, but did file a letter challenging aspects of the VOP hearing and requesting reduction of the VOP sentence on November 4, 2020. On January 27, 2021, the Superior Court modified the first-degree rape sentence to ninety-nine years of Level V inpatient drug treatment, suspended after successful completion of a Level V inpatient drug treatment program for six months of Level IV DOC Discretion, followed by eighteen months of Level III probation. On January 28, 2021, the Superior Court denied Johnson's request for sentence reduction.

(5)     On June 17, 2021, Johnson filed a motion for correction of illegal sentence. He argued, among other things, that the VOP sentence for his first degree-rape conviction was disproportionate to his technical probation violations. The Superior Court denied the motion. This appeal followed.

(6)     This Court reviews the denial of a motion for correction of illegal sentence for abuse of discretion.[2] We review questions of law *de novo*.[3] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory,

---

[2] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[3] *Id.*

3

omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[4]

(7) In his opening brief, Johnson argues that the VOP sentence for his first degree-rape conviction violates the Eighth Amendment because it is disproportionate to his technical probation violations. Johnson ignores that the original ninety-nine year sentence was for first-degree rape. This Court has previously rejected claims that life imprisonment for first-degree rape violates the Eighth Amendment's prohibition against cruel and unusual punishment.[5]

(8) Once Johnson committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of Level V time remaining on his sentence.[6] Johnson does not dispute that he had ninety-nine years of Level V time remaining on his sentence for first-degree rape. The Superior Court sentenced Johnson to the ninety-nine years of Level V time remaining on that sentence, but suspended that time upon Johnson's successful completion of a Level V drug treatment program. This sentence is not illegal.

(9) Nor is Johnson entitled to reduction of his VOP sentence for first-degree rape under Superior Court Criminal Rule 35(b). As the Superior Court

---

[4] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[5] *See, e.g., In re Duffy*, 2021 WL 1733296, at *1 (Del. Apr. 30, 2021); *Israel v. State*, 2016 WL 3538681, at *1 (Del. June 20, 2016).

[6] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

recognized, Johnson had previously sought reduction of the VOP sentence. Under Rule 35(b), "[t]he court will not consider repetitive requests for reduction of sentence."[7] The Superior Court did not err in denying Johnson's motion.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[7] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016); *Teat v. State,* 2011 WL 4839042, at *1 (Del. Oct. 12, 2011).